**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant CMGRP, INC. notifies this Court of Defendant's removal of the above-captioned lawsuit from the Superior Court of Fulton County, State of Georgia (Docket No. 2016CV270661) to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441(a-b) and 1446(a). In support of this Notice of Removal, Defendant states the following:

## I. THE STATE COURT ACTION

1. Plaintiffs Maggie Gallant and the Agency for the Performing Arts, Inc. ("APA") filed their Complaint against Defendant in the Superior Court of Fulton County, State of Georgia (Docket No. 2016CV270661).

2. In their Complaint, Plaintiffs seek declaratory relief and ask the Superior Court to declare that the non-solicitation covenants in the Employment Agreement (the "Agreement") between Plaintiff Maggie Gallant and Defendant are void and unenforceable. Plaintiffs request only non-monetary relief. A copy of Plaintiff's state-court Complaint is attached as Exhibit 1.

3. To date, Plaintiffs have not served Defendant with a copy of the Complaint and Summons. Defendant avers that Plaintiffs' Complaint is an improper anticipatory action intended to deprive Defendant, the natural plaintiff in this dispute, of its ability to choose the forum for the parties' dispute. Accordingly, Defendant removes this action to this Court with no waiver of any defenses, including, without limitation, Plaintiffs' failure to serve Defendant with process, and with no waiver of its objections to venue in this District.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and Defendant is entitled to remove this action pursuant to 28 U.S.C. §§ 1441(a) and (b) because complete diversity is present and the amount in controversy exceeds $75,000.

5. Plaintiff Maggie Gallant is a citizen and resident of Fulton County, Georgia and is, therefore, domiciled in Georgia. (Ex. 1 ¶ 1.) Accordingly, for diversity jurisdiction purposes, Plaintiff Gallant is a citizen of Georgia.

6. Plaintiff APA is a Delaware corporation with its principal place of business in California. (Ex. 1 ¶ 2.) Therefore, for diversity jurisdiction purposes, Plaintiff APA is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1).

7. Defendant is a New York corporation with its principal place of business in New York. (Ex. 1 ¶ 3.) Therefore, for diversity jurisdiction purposes, Defendant is a citizen of New York.

8. Complete diversity is present because neither plaintiff is a citizen of New York and Defendant is a citizen of New York.

9. The amount in controversy for a non-monetary action is measured by "the monetary value of the object of the litigation that would flow to the plaintiffs if the [request for equitable relief] were granted." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The monetary value of the requested relief is measured from Plaintiffs'

perspective. *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997).

10. The amount in controversy is in excess of $75,000. R&C contends that Gallant and APA, her new employer, have improperly solicited the business of actual and prospective R&C clients or otherwise caused such clients to cease doing business with R&C or to decline to do business with R&C. (Declaration of Martin Franken (Exhibit 2) ¶ 2.) The Agreement prohibits Gallant from, *inter alia*, soliciting and/or servicing actual or prospective clients of Defendant for one year from the date of the termination of her employment. (Employment Agreement (Exhibit 3 hereto) § 7.05(b).) By alleging in this litigation that the Agreement is unenforceable, Gallant has placed at issue these actual and prospective client relationships, which account for more than $75,000 in revenues and profits to Defendant. (Ex. 2 ¶ 6..) Thus, Plaintiffs stand to gain – and Defendant has lost and further stands to lose –more than the minimum threshold of $75,000.

11. Additionally, during her employment with Defendant, Gallant had responsibility for supervising a team of employees of Defendant, including five R&C employees who resigned from Defendant and joined

APA shortly after Gallant resigned her employment with Defendant. (Ex. 2 ¶ 3.) The Agreement prohibits Gallant, for one year from the date of her termination of employment, from, *inter alia*, soliciting any employees of Defendant to terminate their employment. (Ex. 3 § 7.05(a).) By alleging in this litigation that the Agreement is unenforceable, Gallant has placed at issue her actions with respect to these employees. (Ex. 2 ¶ 4.) As a result, Defendant not only has been deprived of the services of these employees but expects to expend more than $75,000 in recruitment fees and other costs to find replacements for the departing employees. (Ex. 2 ¶ 5.)

12. The Agreement further prohibits Gallant from, *inter alia*, making use of proprietary and confidential information of Defendant. (Ex. 3 §7.02 .) By alleging in this litigation that the Agreement is unenforceable, Gallant has placed at issue her actions with respect to certain proprietary and confidential information of Defendant. (Ex. 2 ¶ 7.) Defendant's losses from the misappropriation of such information are more than $75,000. (*Id.*)

13. Defendant further contends that the actions of Plaintiffs have caused APA to be unjustly enriched, in an amount exceeding $75,000, by virtue of having obtained an experienced, sophisticated client service team

without having paid fair market value to Defendant for such a business. The value of APA's unjust enrichment is in excess of $75,000. (Ex. 2 ¶ 8.

14. The Agreement authorizes the prevailing party to recover attorneys' fees. (Ex. 3 § 8.01) While the "general rule is that attorneys' fees do not count towards the amount in controversy" requirement, that rule does not apply when a contract provides that attorneys' fees are recoverable. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); *Lineworks Eng'g, LLC v. Aerial Surveying, Inc.*, 2015 WL 4392969, at *5-6 (N.D. Ala. July 15, 2015). Defendant expects to incur more than $75,000 in recoverable costs in the defense of Plaintiffs' claims in this litigation.

15. Accordingly, all substantive requirements for removal because of diversity of citizenship have been met.

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

16. This Notice of Removal is filed in the District Court of the United States for the District and division in which the state-court action is pending. *See* 28 U.S.C. § 1446(a).

17. This Notice of Removal is timely because Defendant has yet to be served. *See* 28 U.S.C. § 1446(b).

18. While filing this Notice of Removal, Defendant is simultaneously filing this Notice of Removal with the Clerk of the Court for the Superior Court of Fulton County, State of Georgia. Defendant will also provide written notice of same to counsel of record for Plaintiff, in accordance with 28 U.S.C. § 1446(d).

## III. CONCLUSION

19. For the foregoing reasons, Defendant hereby removes the civil action pending in the Superior Court of Fulton County, State of Georgia (Docket No. 2016CV270661) and respectfully requests that this Court exercise its jurisdiction over the action.

Respectfully submitted,

CMGRP, INC.

By: */s/ Daniel P. Hart*

Daniel P. Hart
Georgia Bar No. 141679
dhart@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500

Facsimile: (404) 892-7056

Date: March 3, 2016

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

I certify that this Motion has been prepared in Times New Roman font at 14 point size, in compliance with Local Rule 5.1C.

*/s/ Daniel P. Hart*
Counsel for Defendant
Georgia Bar No. 141679

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | | |

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of March, 2016, I served the foregoing **DEFENDANT'S NOTICE OF REMOVAL** on the following counsel of record via U.S. mail postage prepaid:

Henry J. Winograd
Robert E. Rigrish
BODKER, RAMSEY, ANDREWS, WINOGRAD & WILDERSTEIN, P.C.
One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, GA 30305

By: */s/ Daniel P. Hart*
Daniel P. Hart
Georgia Bar No. 141679