UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC.<br><br>Petitioners,<br><br>v.<br><br>CMGRP, INC. d/b/a ROGERS & COWAN,<br><br>Respondent. | ) | CIVIL ACTION NUMBER: 1:16-cv-00689-CC |

**PETITIONERS' MEMORANDUM**
**IN SUPPORT OF EMERGENCY MOTION TO REMAND**

## I. INTRODUCTION

This is a declaratory judgment action, filed under Georgia law, by Maggie Gallant ("Gallant"), a Georgia resident working in Georgia, and her employer, Agency for the Performing Arts, Inc. ("APA"). Petitioners filed this action in the Superior Court of Fulton County, seeking a declaratory judgment that restrictive covenants contained in Gallant's 2008 Employment Agreement with Respondent CMGRP, Inc. ("CMGRP") were unenforceable and void under Georgia law. CMGRP, knowing that, from Petitioners' perspective, the monetary value of the object of the litigation (of the declaration sought) was less than $75,000,

improperly removed Petitioners' claim to this Court based on diversity jurisdiction despite the fact that the matter in controversy did not exceed the sum of $75,000. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Judges from this District, including Judge Pannell and Judge Story, have not hesitated to remand similar cases involving post-employment restrictive covenants to Georgia state Courts. *D and R Party, LLC v. Party Land, Inc.*, 406 F.Supp.2d 1382 (N.D. Ga. 2005); *Wilson v. Benyon Sports Surfaces, Inc.*, 2011 WL 6014666 (N.D. Ga. 1:11-cv-2002-RWS)(December 1, 2011)[1]. As in those cases, this Court should remand this action to the Superior Court of Fulton County, Georgia, where this case properly belongs.

## II. SUMMARY OF MATERIAL FACTS

Maggie Gallant, a Georgia native, was employed by Respondent CMGRP's Rogers & Cowan division from October, 2008 until December 4, 2015. Beginning in 2014, Gallant worked for CMGRP from its Atlanta, Georgia office, located at 5909 Peachtree-Dunwoody Road in Fulton County, traveling regularly to Los Angeles, California, New York, and other locations for the benefit of CMGRP's

[1] Additional Northern District Judges follow the same rationale, see Judge Duffey in *Cibula v. PSS World Medical, Inc.*, 2013 WL 5555445 (N.D. Ga. 1:13cv-1122-WSD)(October 8, 2013); and in *Bell v. PSS World Medical, Inc.*, 2013 WL 5555480 (N.D. Ga. 1:13-cv-1399-WSD)(October 8, 2013); see also Judge Shoob, *Conable v. U.S. Foodservice, Inc.*, 2006 WL 149052 (N.D.Ga. 1:05-c-02887-MHS (January 18, 2006).

business interests. Georgia Doc. No. 1-1, Petition at ¶ 1, 6; Doc. No. 4-2, Davis Dec. at ¶ 8, 9. On October 30, 2015, Gallant informed CMGRP that she was resigning, effective December 4, 2015. Doc. 4-2, Davis Dec. at ¶ 13. Gallant informed CMGRP that, following her marriage and honeymoon, she would be working for Respondent APA. Doc. No. 4-1, Whitman Dec. at its Ex. 6.

Shortly before Gallant's last day at CMGRP, its counsel sent her and her new employer, APA, a letter threatening enforcement of restrictive covenants contained in Gallant's 2008 Employment Agreement. Gallant and APA, through counsel, sought to negotiate an amicable resolution of the issues presented by CMGRP's December 2, 2015 letter. When negotiation efforts made little progress, Gallant and APA filed their Declaratory Judgment Petition in Fulton County Superior Court on January 27, 2016. Docket ("Doc.") No. 1-1. Specifically, Petitioners requested that the Superior Court of Fulton County find the restrictive covenants in the Employment Agreement to be unenforceable under Georgia law. Because this case involved the potential violation of Gallant's rights as a Georgia citizen and employee, it was properly filed in a Georgia court which would apply

Georgia law. Doc. No. 1-1.[2] In a transparent effort to restrain free trade and fair competition by a Georgia citizen and to deny Gallant of her right to work under Georgia law, and knowing that Petitioners valued the declaration at less than $75,000, CMGRP, on March 3, 2016, hurriedly filed its own lawsuit in New York (Doc. No. 4-1 at its Ex. 7) and simultaneously removed the Petition to this Court. Id. Doc. No. 1.

The Petition did not claim damages of $75,000 or more, nor did it claim any right to an award of attorney fees. Id., Doc. No. 1-1. In support of removal, CMGRP contends (Doc. No.1 at ¶ 10, 11) that the Petition puts at issue "actual and prospective client relationships which account for more than $75,000 in revenues

[2] In doing so, Petitioners followed a common course pursued by Georgians threatened by the prospect of former employers attempting to enforce restrictions, possibly valid under other states' laws, unenforceable under Georgia law and public policy. *See e.g., MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234 (11th Cir. 2005), *Keener v. Convergys Corp.*, 205 F.Supp.2d 1274 (S.D. Ga. 2002)("*Kenner I*"); on certified question, 276 Ga. 808 (2003)("*Keener II*"), 342 F.3d 1264 (11th Cir. 2003)("*Keener III*"); *Manuel v. Convergys Corp*, N.D.Ga. 1:04-cv-1279-MHS (October 18, 2004), *aff'd*, 430 F.3 1132 (11th Cir. 2005); *Becham v. Synthes USA*, 482 Fed. Appx. 387 (11th Cir. 2012); *Boone v. Corestaff Support Services*, 805 F.Supp.2d 1262 (N.D.Ga. 2011); *Conable v. U.S. Foodservice, Inc.*, 2006 WL 149052 (N.D.Ga. 1:05-c-02887-MHS (January 18, 2006); *Wilson v. Benyon Sports Surfaces, Inc.*, 2011 WL 6014666 (N.D. Ga. 1:11-cv-2002-RWS)(December 1, 2011); *Cibula v. PSS World Medical, Inc.*, 2013 WL 5555445 (N.D. Ga. 1:13cv-1122-WSD)(October 8, 2013); *Bell v. PSS World Medical, Inc.*, 2013 WL 5555480 (N.D. Ga. 1:13-cv-1399-WSD)(October 8, 2013); *D and R Party, LLC v. Party Land, Inc.*, 406 F.Supp.2d 1382 (N.D. Ga. 2005).

and profit to *Defendant* (i.e., CMGRP); that *Defendant* expects to spend $75,000 to hire replacements, and speculates that *Defendant's* losses associated with its speculation that Ms. Gallant misappropriated its "confidential" information at more than $75,000. *Id.* at ¶ 12, citing speculation at Doc. 1-2, Frankel, Dec. at ¶ 7 (*emphasis supplied*). Finally, it refers to an Employment Agreement term (Doc. No. 1-3 at its Ex. 3, § 8.01) providing for the prevailing party's recovery of attorney fees in arbitration unrelated to enforcement of the Agreement's restrictive covenants *"in any such arbitration,"* then speculates that *Defendant CMGRP* "expects to incur more than $75,000 in recoverable [defense] costs . . . in this litigation." Doc. No. 1 at ¶ 14.CMGRP made these assertions, knowing that Petitioners valued the relief sought in their Petition at less than $75,000. See Declaration of Counsel Winograd, Ex. A, at Doc. No. 7-2. As argued below, CMGRP's speculative contentions fail to justify its improper removal of this case to Federal Court.

## III. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### A. Legal Standard to Remove a State Declaratory Judgment.

Federal courts are courts of limited jurisdiction. Respondents seeking to remove a Georgia Declaratory Judgment Act Petition on the basis of diversity jurisdiction must prove, by a preponderance of the evidence, the declaration sought

meets the subject matter jurisdictional minimum of $75,000. 28 U.S.C. §§ 1332(a), 1446(c); *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). In removed declaratory judgment actions, the amount in controversy is the monetary value of the object of the litigation from the petitioners' / plaintiffs' prospective, not the removing respondent/defendant's. *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994); *Cohen v. Office Depot*, 204 F.3d 1069, 1076-77 (11th Cir. 2001). "F]or purposes of [a] challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal (here, March 3, 2016)." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002)(citation omitted). The removal statutes are strictly construed, remand is favored where federal jurisdiction is not absolutely clear, and any doubts are resolved in favor of the non-removing party (here, the Petitioners, Gallant and APA). *Hyman v. Daimler Chrysler Corp*., 2001 WL 35981552 (N.D. Ga. 1:01-cv-734-C)(November 16, 2001)(*citations omitted*). A court cannot find that a matter meets the amount in controversy in a declaratory judgment action if the benefit the plaintiff may receive [here, the benefit to petitioners of the requested declaration] "is too speculative or immeasurable." Id., *Leonard*, 279 F.3d at 973.

**B. CMGRP has Failed to Establish that the Matter in Controversey Exceeds the Sum of $75,000.**

CMGRP's Removal Notice (Doc. No. 1 at ¶ 9) fails entirely to establish that the amount in controversy exceeds $75,000. While acknowledging that it bears the burden of proof and that the value of the relief sought is measured from the Petitioners' perspective, CMGRP simply ignores these principles, offering only speculation of the value of defeating the Petition from Respondent CMGRP's perspective. CMGRP knew that Petitioners valued the Petition at less than $75,000, but ignored this fact in its Notice of Removal. See Doc.1 at ¶¶ 9, 10; Doc. No. 7-2, Winograd Decl. at ¶ 4. To the contrary, CMGRP's speculations on the value of the relief sought focus entirely (and improperly) on CMGRP's potential loss should it lose this case rather than the value to Petitioners. Among other unsupported items, CMGRP speculates what CMGRP thinks it might lose (Doc. No. 1, Removal Notice at § 10). CMGRP relies on Mr. Franken's conclusory "contention," without identification of lost clients, evidence of the reason for the loss, or calculation of lost profit or revenue, that CMGRP's Rogers and Cowan unit's loss (generally, not tied to the restrictive covenant at issue), and not Petitioners' gain, exceeds $75,000. Doc. No. 1-2, Franken Dec. at ¶ 6. CMGRP offers no evidence or reason for its speculation that Ms. Gallant [or APA] has or

stands to gain a like amount from the restrictive covenants being found unenforceable. Similarly, CMGRP describes its claimed costs for recruiting replacements for three at-will employees who chose to leave (Ms. Gallant, Munguia, and Hudson; see Doc. No. 1-2, Franken Dec. at ¶ 5; Doc. No. 4-1, Whitman Dec. at Ex. 7, CMGRP's New York Complaint), and that APA was "unjustly enriched" by not paying CMGRP for the at will employees who chose to leave,[3] matters irrelevant to Petitioners' benefit of having the restrictive covenants on Ms. Gallant declared unenforceable.

CMGRP makes a similarly conclusory assertion, without evidence or substantiation, that it 'expects to incur more than $75,000 in recoverable costs in defense of this litigation." Doc. No. 1 at ¶14. Again, this erroneously looks at the amount in controversy from CMGRP's, and not the Petitioners', prospective. Of course, 28 U.S.C. § 1332(a) precludes consideration of a claim for costs in determining the amount in controversy, and CMGRP's own contract (Doc. No. 1-3, the Gallant Employment Agreement § 8.01) contradicts CMGRP's claim, as it only provides for attorney fees for the party prevailing in an arbitration which, by

[3] See Doc. No. 1, Removal Notice at ¶ 13, Doc. No. 1-2, Franken Dec. at ¶8. CMGRP does not allege that the three departing employees were anything other than at-will employees, and hence not subject to being "sold" by CMGRP. CMGRP should be aware, by now, of passage of the Thirteenth Amendment to the United States Constitution.

the terms of the contract, does not apply to litigation efforts to enforce the contract's restrictive covenants. See *Fed. Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir. 2003). Neither the Georgia Declaratory Judgment Act, O.C.G.A. § 9-4-1 *et seq.*, nor its federal counterpart, 28 U.S.C. § 2201, provides for recovery of fees, and the Petition (Doc. No. 1-2) did not seek an award of Petitioners' fees.

Judges in this Court have had several occasions to consider the issue of the 28 U.S.C. §§ 1332, 1446(c)(2)(B) amount in controversy where former employers or franchisors attempted to remove declaratory judgment actions challenging post-relationship restrictive covenants as unenforceable under Georgia law. In *D and R Party*, 406 F. Supp. 2d at 1384-85, Judge Pannell rejected an affidavit making assertions like Respondent's Mr. Franken (Doc. No. 1-2, Franken Dec. at ¶ 5-8) as to the defendant's costs to replace the business (Judge Pannell rejected the Potter affidavit, claiming $117,800 to solicit and establish a new franchisee). "The financial loss the defendant may suffer if the noncompetition clauses in the Agreement are declared invalid and the plaintiff is permitted to compete against the defendant is irrelevant." Finding the monetary benefit to plaintiff D and R Party "too speculative and immeasurable," Judge Pannell remanded the case to Cobb County Superior Court. *Id*. at 1385.

Similarly, in *Wilson*, 2011 WL 6014666, Judge Story remanded to Fulton County a declaratory judgment action challenging employment restrictive covenants, rejecting evidence of Wilson's salary with his previous employer and finding that "the value of Plaintiff's claims are too speculative to satisfy subject matter jurisdiction." Id. at *2, *3. In *Cibulla* and *Bell*, 2013 WL 5555445 and 5555480, Judge Duffey rejected evidence of the Plaintiffs' salaries at their previous employer, PSS World Medical, noting in *Cibulla*, at *3, that "it would be rank conjecture to follow the inferential reasoning offered by Defendants [to reach the conclusion of $75,000 in controversy]." "[T]he Court cannot assume, absent a record to support it, that Plaintiffs left their jobs . . . only to make the same or greater salary." Finally, in *Conable*, 2006 WL 149052, a case originally filed in this District, Judge Shoob dismissed the declaratory judgment action challenging U.S. Foodservice, Inc. restrictive covenants. Citing *D and R Party*, Judge Shoob noted that the monetary value to the plaintiffs of avoiding the nonsolicitation covenants at issue was "highly speculative." In *Conable*, plaintiffs [unlike Petitioners Gallant and APA] sought attorney fees under O.C.G.A. § 13-6-11, but Judge Shoob noted that "the Court can only surmise at the amount of attorney fees," rejecting even the plaintiffs' fees claim as providing a basis for finding jurisdiction.

CMGRP bald and speculative assertions fail to prove that on March 3, 2016, avoiding CMGRP's anticompetitive restrictive covenants had a measureable value to APA and Gallant of at least $75,000. At best, all of CMGRPS conjectures -- that it may lose some unspecified business at some time in the future; that it will incur some cost to replace lost employees; and that it will incur attorney fees in this case -- amount to little more than pure speculation about CMGRP's potential losses. Furthermore, CMGRP knew when it noticed removal that Petitioners valued the declaration sought in its Petition at less than $75,000. Doc. No. 7-2, Winograd Dec. at ¶ 3; see *Ray v. GPR Hospitality, LLC*, 2015 WL 4717400 (N.D. Ga. 2015, C.A. No. 1:14-cv-1309-CC)(addressing settlement offer in assessing amount in controversy on removal). The Notice of Removal therefore falls far short of establishing that the amount in controversy in this case exceeds $75,000, and the Court should forthwith remand this action to Fulton County Superior Court.

**C. Petitioners are Entitled to Recover their Costs to Remand this Case.**

In remanding a case, the Court may, in its discretion, require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). A fee award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As detailed above, the basis claimed by CMGRP for removal – its own alleged losses and costs – offer no objectively reasonable basis for asserting that the monetary value to APA and Gallant of the narrow issue they asserted in their declaratory judgment petition exceeded $75,000. Moreover, CMGRP knew when it noticed removal that Petitioners valued the declaratory relief sought at less than $75,000. Doc. No. 7-2, Winograd Dec. at ¶ 3. Petitioners have incurred attorneys fees and costs as a direct result of the removal, and the Court should grant Petitioners' their reasonable fees and costs on submission of an itemized identification of fees and costs. See *Cibula*, 2013 WL 5555445 at *4.

## IV. CONCLUSION

CMGRP has failed to establish that this case involves a controversy exceeding the sum of $75,000. Rather the improper removal of this action is part and parcel of CMGRP's effort to deprive Gallant of her right to work as a Georgia citizen. Because CMGRP has failed to satisfy the requirements for diversity jurisdiction, and instead filed an action in New York seeking to deny Gallant the protections of Georgia law, this Court should remand this case to the Superior Court of Fulton County, and order Respondents to pay Petitioners' costs and fees in connection therewith.

Respectfully submitted this 24th day of March, 2016.

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.

By: /s/ Harry J. Winograd
Harry J. Winograd
Georgia Bar No. 770926
Robert E. Rigrish
Georgia Bar No. 605573

One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, Georgia 30305
404-351-1615 [telephone]
404-352-1285 [fax]
hwinograd@brawwlaw.com [e-mail]
rrigrish@brawwlaw.com [e-mail]
*Attorneys for Petitioners*