UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC. | ) | |
| Petitioners, | ) | |
| v. | ) | CIVIL ACTION NUMBER: 1:16-cv-00689-CC |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Respondent. | ) | |

**DECLARATION OF COUNSEL HARRY J. WINOGRAD**
**IN SUPPORT OF EMERGENCY MOTION TO REMAND**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

1. I am an attorney with Bodker, Ramsey, Andrews Winograd & Wildstein, P.C., counsel for Petitioners Maggie Gallant and Agency for the Performing Arts, Inc. ("APA") in this matter. I am over the age of eighteen and have personal knowledge of the facts contained in this declaration.

2. Our firm was engaged to represent Ms. Gallant and APA on the issues which are the subject of this litigation. As noted in Mr. Whitman's declaration (Doc. No. 4-1 at ¶ 5), I responded to his letters of January 11, 2016 to APA and Ms. Gallant. As Mr. Whitman indicates, he and I spoke on January 19, 2016, and from that point forward he and I engaged in a series of communications aimed, in

good faith on our part, at an amicable resolution of the disputes between our clients, as indicated in the December, 2, 2015 and January 11, 2016 letters on CMGRP's behalf attached to Mr. Whitman's declaration. Doc. No. 4-1 at its Exs. 1-3; see also its Exs. 5, 6.

3. By late January, 2016, while hoping for an amicable resolution, we filed the Verified Petition for Declaratory Judgment (Doc. No. 1-1) in the Superior Court of Fulton County to protect Ms. Gallant's right to work in Georgia for APA free of restraints unlawful under the law of Georgia. We did not initially serve the Petition, as we continued good faith efforts to resolve the disputes amicably so that no judicial intervention would be necessary.

4. On Friday morning, February 26, 2016, as my efforts to resolve this dispute continued, I spoke with Mr. Whitman on the telephone. In response to his earlier settlement proposal, I told him that Petitioners believed the dispute was worth a settlement amount of $60,000. Based on the information available, this was our maximum monetary valuation of the benefit, to Petitioners, of the rights we sought to protect with the Petition (Doc. No. 1-1) filed, but not served. Mr. Whitman and I discussed our clients' positions, and he did not initially respond to my settlement offer, nor did he indicate that he had knowledge of our earlier,

protective filing of the Petition (Doc. No. 1-3) in Fulton County. Instead, he said that "he would see what his client wanted to do."

5. I next heard from Mr. Whitman at 4.23 p.m. on Thursday, March 3, 2016, when, by e-mail, he informed me that CMGRP had filed the Removal notice (Doc. No. 1-1) and also sued Gallant, APA and two other APA employees in New York. Mr. Whitman's e-mail provided courtesy copies of the pleading and asking if I could accept service on the New York defendants' behalf. The Notice of Removal (Doc. No. 1-1) made no mention of the Petitioners' monetary valuation of declaratory relief sought in the Petition, as reflected in the settlement offer I had made on February 26, 2016, before the Notice of Removal was filed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this March 24, 2016 in Atlanta, Georgia.

*/s/ Harry J. Winograd*
Harry J. Winograd