**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiffs' desire to have this case heard in Georgia has led them to conflate two distinct concepts: choice of law and choice of forum. The question presented by CMGRP's motion is not which state's law will govern the parties' dispute. Whether the case is decided under Georgia law or New York law is irrelevant to the question of which court should decide it. CMGRP contends that this case, a federal declaratory judgment action, must yield to the parallel New York Action, which arises from the same set of operative facts and raises the same claims and the same issues. That case offers the parties (and others who are not parties here) a complete resolution of their dispute, eliminates any friction between the federal and state courts, and provides a forum better situated to evaluate the issues.

Therefore, this Court should decline to exercise jurisdiction and dismiss this action without prejudice.

## I. PROCEDURAL DEVELOPMENTS SUBSEQUENT TO DEFENDANT'S MOTION TO DISMISS

In the latest example of the "procedural fencing" to which CMGRP referred in its opening papers, Plaintiffs on April 5, 2016 removed the New York Action to the U.S. District Court for the Southern District of New York. In support of removal, they asserted that one of the named Defendants in that action, Sheila Munguia (one of Maggie Gallant's key deputies at CMGRP who joined her and others at APA), was "fraudulently joined," and that in her absence, the parties to the New York Action would be diverse with more than $75,000 at stake. Their position is frivolous, and on April 8, 2016, CMGRP initiated the procedure established by the Hon. Lorna Schofield, to whom the removed case was assigned, to file a Motion to Remand the case to state court.[1]

This case should be dismissed whether the New York Action is in state or federal court. However, the arguments presented in this Reply, as well as in CMGRP's opening memorandum, are based in part on the assumption that that the

---

[1] Judge Schofield's individual practice rules require that, for a motion to remand a removed case, the party seeking remand must first send a letter to the removing party explaining the grounds for remand. After the removing party responds, the party seeking remand may proceed with its motion. A copy of the Notice of Removal and CMGRP's letter to counsel are attached, respectively, as exhibits 1 and 2. Gallant, APA and their co-defendants in the New York Action have also asked the court to stay proceedings in that case temporarily until the jurisdictional issues in the Georgia case can be resolved. CMGRP will oppose that request. Judge Schofield has scheduled a conference for April 26, 2016.

two parallel lawsuits are pending in federal court (this case) and state court (the New York Action). While CMGRP is confident that Plaintiffs' removal of the NY Action will not stand and the case will return to state court, CMGRP respectfully suggests that this Court postpone a decision on the instant motion pending resolution of the jurisdictional question presented in the NY Action. In the event the NY Action remains in federal court, CMGRP would respectfully request leave to file supplemental briefs to address that situation.

## II. THE "FIRST FILED" RULE IS INAPPLICABLE HERE

Plaintiffs contend that this action should take priority over the NY Action because it was filed first. (Pls.' Resp. 5, ECF No. 12) They fail to cite a single case that presents the circumstances before this Court: a subsequently filed action for damages in state court following an anticipatory declaratory judgment action pending in federal court.

Instead, Plaintiffs put all their chips on *Manuel v. Convergys Corp.*, 2004 WL 5545025 (N.D. Ga. Oct. 18, 2004), *aff'd* 430 F.3d 1132 (11th Cir. 2005). *Manuel* is inapplicable for the simple reason that it involved two concurrent *federal* actions: a declaratory judgment action in Georgia and a coercive action in Ohio, both addressing the enforceability and applicability of a former employee's restrictive covenants. 2004 WL 5545025 at *1. On appeal, the Eleventh Circuit affirmed the District Court's decision to assume jurisdiction over the federal

declaratory judgment action. It held that the first-filed rule creates a "strong presumption" that the earlier case should proceed when "two actions involving overlapping issues and parties are pending in ***two federal courts***." 430 F.3d at 1135 (emphasis added).

This case, unlike *Manuel*, involves parallel federal and state actions. Under such circumstances, the Eleventh Circuit and many other courts have held that the federal court should defer to the state action, even when the federal case was filed first. *See, e.g.*, *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-32 (11th Cir. 2005) (affirming district court's decision to decline jurisdiction over first-filed declaratory judgment in favor of a subsequent state court action); *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014) (recognizing that first-filed rule is inapplicable to competing federal and state cases); *Artmark Prods. Corp. v. Conbraco Indus.*, 2012 WL 1155132, at *2 (S.D. Fla. April 5, 2012) (same); *Melillo v. Shendell & Assocs.*, 2012 WL 253205, at *2-3 (S.D. Fla. Jan. 26, 2012) (same); *Mt. Hawley Ins. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010) (same); *see also Triple S. Refining Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007) (citing *Ameritas* for

proposition that it is irrelevant whether state court action is filed before or after related federal declaratory judgment action).[2]

## III. UNDER *AMERITAS* , THIS COURT SHOULD DECLINE JURISDICTION IN FAVOR OF THE NEW YORK ACTION

### A. *Ameritas* is Applicable Here

Plaintiffs contend that *Ameritas* applies only to insurance disputes. As shown by a host of court decisions applying *Ameritas* in different contexts, Plaintiffs' contention is simply wrong. *See, e.g.*, *Storick v. CFG, LLC*, 505 F. App'x 883, 884-85 (11th Cir. 2013) (garnishment); *Rhein v. Kevelson*, 2014 WL 6694744 at *3-5 (S.D. Fla. Nov. 26, 2014) (probate/settlement agreement); *Dollar Tree Stores, Inc. v. Hinesville Group, LLC*, 2014 WL 1281931, at *3-4 (Mar. 26, 2014) (lease interpretation); *Charles Sportsfish Yachts, LLC v. Anderson*, 2011 WL 1130951, at *2-3 (S.D. Fla. Mar. 25, 2011) (invalid lien); *Royal Caribbean Cruises, Ltd. v. Whitefield*, 664 F. Supp. 2d 1270, 1275-79 (M.D. Fla. 2009) (obligation to pay benefits).

[2] Plaintiffs' reliance on *Rickey Land & Cattle Co. v. Wood*, 218 U.S. 262 (1910), is unavailing. As Plaintiffs admit, that case dealt with an equitable claim under federal law (Pls.' Resp. at 8 ("Justice Holmes applied the 'first filed' rule to give precedence to a ***federal equitable claim***") (emphasis added), whereas the instant case involves claims under state law. Similarly, *Boone v. Corestaff Support Services, Inc.*, 805 F. Supp. 2d 1362 (N.D. Ga. 2011), is inapposite because it involved concurrent *federal* actions. *See id.* at 1368 (noting that the other proceeding had been removed to the United States District Court for the District of Delaware). *Ameritas*, on which CMGRP relies, has no applicability in cases of concurrent federal jurisdiction. *See Vital Pharms., Inc. v. Cytosport, Inc.*, 2009 WL 302277, at *2 n.3 (S.D. Fla. Feb. 9, 2009) ("[*Ameritas*] addresses federal courts deferring to pending *state court* proceedings, not other federal courts, which is evident both from the facts of the case and the wording of the factors.") (emphasis in original).

Plaintiffs further contend that *Ameritas* is inapplicable when the state action is pending in a different state than the federal declaratory judgment (Pls. Resp. 13-15) and where the state court would apply the same substantive law to the same state law issues (*id.*). Neither limitation has support in *Ameritas*. On the contrary, the Supreme Court decision on which *Ameritas* is based, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), illustrates that Plaintiffs are wrong on both points.

*Brillhart* involved a federal declaratory judgment lawsuit to determine rights under a reinsurance agreement. *Id.* at 492-93. The plaintiff sued in federal court in Kansas, seeking a declaration that it had no liability in a Missouri state court action. *Id.* The District Court declined to exercise jurisdiction, reasoning that a federal declaratory judgment would serve only to prolong the litigation in the face of a coercive state court action. *Id.* at 494-95. The Tenth Circuit held that "a federal court may not refuse to assume jurisdiction merely on the ground that another remedy is available or because another suit is pending" and reversed the District Court. *Excess Ins. Co. of Am. v. Brillhart*, 121 F.2d 776, 778 (10th Cir. 1941).

The Supreme Court held that the District Court properly abstained from hearing the declaratory judgment action, and examined the impact of the decision solely in terms of the law of *Missouri*, where the state court case was pending. 316

U.S. at 494-97. The Court concluded that federal courts should defer to the "orderly and comprehensive disposition of state court litigation" when "another suit is pending in state court presenting the same issues, ***not governed by federal law***, between the same parties." *Id.* at 495 (emphasis added). *Brillhart* thus illustrates, contrary to Plaintiffs' contention, that abstention determinations are not limited to suits involving a single state.

Nor is there any reason to believe, as Plaintiffs suggest (Pls.' Resp. 15), that abstention concepts do not apply in the context of disputes involving restrictive covenants in employment. Many courts have applied such concepts in that setting. *See, e.g.*, *Sabol-Krutz v. Quad Elecs., Inc.*, 2015 WL 4095584, at *8-9 (E.D. Cal. July 7, 2015) (California federal declaratory judgment action, Michigan state action); *Staples v. Guardian Auto Glass, LLC*, 2012 WL 2192235, at *3 (E.D. Va. June 14, 2012) (Virginia federal declaratory judgment action, Michigan state action); *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776, 779-80 (N.D. Cal. 1993) (California federal declaratory judgment action, Ohio state action).

### B. The *Ameritas* Factors Compel Dismissal in Favor of the New York Action

#### 1. The Suits are Parallel

*Ameritas* applies when the federal and state proceedings are parallel. Plaintiffs contend that this case and the New York Action are not parallel because the latter "asserts against Ms. Gallant factually and legally disparate claims that,

while employed by CMGRP's Rogers and Cowan business unit, she breached a New York tort duty of loyalty. (Pls.' Resp. 11.)

This is a distinction without a difference. Both cases arise out of restrictive covenants applicable to Gallant, her alleged violations of those covenants, and her new employer's alleged interference with her compliance with those restrictions and its profiting from the violations. The New York Action raises these precise issues and claims, but broadens the focus from just Gallant and APA, and just Gallant's personal employment agreement, to encompass two other members of Gallant's team who participated in these events. These differences do not destroy the parallelism between the Georgia and New York cases, but do show that the instant declaratory judgment action is entirely subsumed by the state court coercive action, and should therefore yield. *See Brillhart*, 316 U.S. at 495 (it would be "uneconomical as well as vexatious" for a federal court "to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law," involving a more complete set of parties); *Ameritas*, 411 F.3d at 1331 (citing with favor the district court's recognition that a declaratory judgment with "an incomplete set of parties and claims" should yield to a "state court action [that] encompassed the complete controversy"); *Federated Mut. Ins. Co. v. Schill*, 2005 WL 1154340, at *3 (S.D. Ala. May 4, 2005) ("Clearly, it is not necessary that the parties or issues in each

case be identical in order for a court to decline to exercise its jurisdiction in favor of a state tribunal.”). Under the facts of this dispute, there can be no plausible doubt that, if this Court were to assume jurisdiction, it would lead to “a slice of the state-court proceedings . . . being litigated contemporaneously by a federal court.” *Travelers Cas. & Sur. Co. of Am. v. E. Beach Dev., LLC*, 2007 WL 3407049, at *11 (S.D. Ala. Nov. 9, 2007).

Plaintiffs also discuss at length why Georgia has a strong public policy interest in the subject matter of their declaratory judgment action. (Pls.’ Resp. 15-17) (discussing the “strength of the state’s interest” and the “close nexus” between state law and public policy factors in *Ameritas*). They overlook the fact that the relevant “state interest” and “state public policy” is that of the state *where the state court action is pending*. *See Brillhart*, 316 U.S. at 494-97 (considering Missouri’s interest when deciding whether to defer to Missouri state court action without reference to interest of Kansas, the forum state of the federal declaratory judgment action); *Artmark Prods. Corp. v. Conbraco Indus.*, 2012 WL 1155132, at *3 (S.D. Fla. April 5, 2012) (examining interest of state where the state-court action was pending (New York) rather than the interest of the federal court’s forum state (Florida)).

Plaintiffs make the additional mistake of focusing on choice-of-law issues, *i.e.*, contending that “New York law on restrictive covenants is different than

Georgia's, conflicting with its public policy against restraints of trade." (Pls.' Resp. 15.) The issue is not which state's law will govern the ultimate outcome of the dispute but whether the state in which the state-court action is pending has a significant enough interest in the dispute that the federal court should stand down. As discussed in CMGRP's opening papers, New York (where APA and CMGRP are based, and where Gallant spent almost her entire employment with CMGRP) has a substantial interest in having the issues raised in this action decided by one of its courts. (Mot. To Dismiss at 11, ECF No. 4). *See also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 796-97 (8th Cir. 2008) ("the Supreme Court has never used choice of state law or *forum non conveniens* as factors in analyzing an abstention under *Wilton* and *Brillhart*"). Thus, rather than the "elephant in the room," as Plaintiffs grandly claim (Pls. Resp. 14, 15), the choice of law issue is a non-factor at this stage of the proceedings.[3]

In a similar distraction, Plaintiffs argue that, rather than dismissal in favor of the New York Action, the "better or more effective remedy" would be for this Court to remand the case to Fulton County Superior Court. (Pls.' Resp. 16-17). This is a non sequitur. The abstention inquiry at the heart of CMGRP's motion to

[3] Even if choice of law were relevant at this stage, Plaintiffs grossly overstate Georgia's interest in this dispute. The Georgia "public policy" that Plaintiffs are trying to enforce has not been the state's policy since May 11, 2011, long before Gallant moved to Georgia. Plaintiffs cannot plausibly argue that Georgia has a compelling interest in invalidating an agreement signed in New York by a New York resident based on a public policy that no longer exists and that never existed when she worked for CMGRP in Georgia.

dismiss concerns whether a declaratory judgment or coercive action is more likely to resolve the parties' controversy. This Court either has subject matter jurisdiction or it does not, an issue that will be decided by Plaintiffs' Motion to Remand. The decision on that issue has no bearing on whether the New York Action is the superior vehicle for resolution of the parties' dispute. *See Ameritas*, 411 F.3d at 1330-32.

### 2. The Georgia Case Will Not Settle the Entire Controversy

The purpose of the Declaratory Judgment Act is to "settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty.'" *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949) (citation omitted). When a coercive suit exists that settles the entire controversy between the parties, a federal declaratory judgment action has no purpose. *See Ameritas*, 411 F.3d at 1330-32.

While Plaintiffs have sought leave to amend their complaint to encompass a greater portion of the New York Action [ECF 13], even an expanded version of this suit would not conclusively resolve the parties' dispute. Regardless of the outcome in this case, CMGRP would still have claims against Gallant and APA for common-law torts under New York law and claims on a variety of grounds against the additional defendants in the New York Action, all of which arise under the same set of operative facts as CMGRP's claims against Gallant and APA. (N.Y.

Compl. ¶¶ 98-124.) These issues are all squarely before the New York State court; allowing that court to address all the issues in a single forum would avoid "the piecemeal, fragmented litigation" that Plaintiffs seek to impose via their declaratory action. *Travelers Indem. Co. v. Plantation Oaks of Ala., Inc.*, 2009 WL 902484, at *3 (S.D. Ala. Mar. 31, 2009).

By contrast, proceeding simultaneously with a federal declaratory judgment action and a state court coercive action "risks unnecessary commitment of scarce judicial resources, multiplicative expenditures of legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." *Id.* (quoting *U.S. Fid. & Guar. Co. v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1514 (M.D. Ala. 1988)).

### 3. Plaintiffs Engaged in Procedural Fencing

The court in *Ameritas* held that the federal court should decline jurisdiction when the declaratory remedy "is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race for res judicata." 411 F.3d at 1331. Plaintiffs cannot seriously contend that their declaratory judgment action had any other purpose. They have candidly admitted that they filed it but, rather than take any steps to move it forward (such as serving CMGRP or even advising CMGRP's counsel of its existence), "continued their efforts to reach an amicable

resolution." (Pls.' Resp. 3-4). Despite these ongoing settlement negotiations, including the exchange of specific proposals, Plaintiffs "apparently already had [their] declaratory judgment complaint prepared and chose to file it" in the midst of negotiations – a textbook example of procedural fencing that confirms that Plaintiffs' "filing in this district was a preemptive first filing" before CMGRP filed in New York. *Spanx, Inc. v. Times Three Clothier, LLC*, 2013 WL 5636684, at *4 (N.D. Ga. Oct. 15, 2013).

Judge Thrash, in a similar restrictive covenant dispute, found such conduct to be an obvious example of a litigant "not acting to resolve uncertainty regarding the applicability of the restrictive covenants" but "fil[ing] this suit in anticipation of [the adverse party's] suit to enforce the restrictive covenants." *Soroka v. Lee Techs. Servs., Inc.*, 2006 WL 1734277, at *5 (N.D. Ga. June 19, 2006).

Plaintiffs' actions after CMGRP filed the instant motion only underscore the fact that they brought this case as a procedural hedge against CMGRP's impending New York lawsuit. Despite first seeking a declaratory judgment based solely on Gallant's personal employment agreement with CMGRP, Plaintiffs have now sought to broaden the case to include the Interpublic Group Code of Conduct, an agreement containing separate restrictive covenants applicable to Gallant's post-employment behavior. [ECF 13] Gallant was well aware of her Code of Conduct obligations when she commenced this action (she signed the latest version only

months before her resignation), yet did not seek to include it in this case until CMGRP sued her for violating it in the New York Action.

Plaintiffs have also stated, in a further attempt to broaden this action to appropriate as much of the New York Action as possible, that the two additional defendants in the New York Action, Sheila Munguia and Jenna Hudson, have authorized Plaintiffs' counsel "to waive any personal jurisdiction objection to being joined in this action in Georgia." (ECF 13-1 at 23 n.7.)

This generosity stands in stark contrast to Plaintiffs' actions in New York, where they removed the case to federal court on April 5 on the flimsy grounds that Munguia — who worked with Gallant and assisted her in recruiting colleagues and clients to APA — was somehow "fraudulently joined" to destroy diversity. (*See* Notice of Removal ¶¶ 11-14.) This is a transparent attempt to manipulate the New York Action into federal court and thus avoid application of *Ameritas*.

Such gamesmanship has animated Plaintiffs' actions from the start. Their procedural maneuverings have highlighted what has been apparent all along: Plaintiffs commenced this action solely because they were bent on being first to the courthouse.

## IV. CONCLUSION

The *Ameritas* factors unequivocally indicate that this Court should decline to exercise jurisdiction. The first-filed rule does not apply and does not require

otherwise. Therefore, CMGRP respectfully requests that the Court grant its Motion to Dismiss or, in the Alternative, to Stay this Action [ECF No. 4].

Respectfully submitted,

CMGRP, INC.

By: *<u>/s/ Daniel P. Hart</u>*

Daniel P. Hart
Georgia Bar No. 141679
dhart@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant*

Date: April 11, 2016

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

I certify that this Reply has been prepared in Times New Roman font at 14 point size, in compliance with Local Rule 5.1C.

*/s/ Daniel P. Hart*
Counsel for Defendant
Georgia Bar No. 141679

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2016, I served the foregoing **DEFENDANT CMGRP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** on the following counsel of record via CM/ECF filing:

Harry J. Winograd
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, Georgia 30305

By: */s/ Daniel P. Hart*
Daniel P. Hart
Georgia Bar No. 141679