**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**DEFENDANT CMGRP'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND AND FOR ENTRY OF DECLARATORY JUDGMENT**

## INTRODUCTION

Plaintiffs' Motion for Leave to Amend and for Entry of Declaratory Judgment [ECF No. 13] is a procedurally improper request for the Court to enter judgment in Plaintiffs' favor based solely on a proposed amended pleading. While Plaintiffs' proposed pleading may clear Rule 15(a)'s lenient standard for amendment, their demand for immediate judgment lacks any justification. Plaintiffs' Motion also ignores the many threshold procedural issues pending before this Court and in the parallel New York action.[1]

[1] CMGRP details the procedural history of this case in its Motion to Dismiss [ECF No. 4] and its reply brief in support thereof [ECF No. 19].

Therefore, Defendant CMGRP, Inc. requests that the Court deny Plaintiffs' motion to the extent it requests immediate judgment in Plaintiffs' favor.

**ARGUMENT**

Plaintiffs' attempt to file an Amended Complaint, and then to have the Court rule immediately on its merits, is premature and disingenuous. No party asserts that this Court should be the one to decide the merits of this case: Plaintiffs want this case remanded to Fulton County Superior Court [ECF No. 7], and CMGRP contends that the parties' dispute should be heard in New York [ECF No. 4]. Plaintiffs' unjustified removal of the New York Action to federal court adds yet another procedural wrinkle. All of these procedural skirmishes must be resolved before a court can begin to consider the merits of the case.

Even if Plaintiffs' Motion were ripe for adjudication, it is procedurally improper. In their rush to judgment, Plaintiffs ask the Court to ignore the most basic tenets of the Federal Rules of Civil Procedure. They provide no authority that the Declaratory Judgment Act is some kind of ultra-expedited statute that eliminates discovery, disregards established burdens of proof, and displaces otherwise applicable motion practice in favor of a single "motion to find in our favor." Regardless of whether this case proceeds in this Court or Fulton County Superior Court, or (as CMGRP contends) is dismissed entirely in deference to the New York Action, no decision on the merits will be appropriate unless and until

the parties engage in discovery, properly presented motion practice, and if applicable, trial.[2]

Nor do Plaintiffs bother to specify the procedural basis for their request beyond a general citation to Rules 1 and 57 and comments on Georgia state law (which Plaintiffs reference but do not contend are controlling). (Pls.' Br. at 6-7, ECF No. 13-1.) If Plaintiffs intended their Motion to be for judgment on the pleadings under Rule 12(c) or for summary judgment under Rule 56, their reliance on those rules would be misplaced. The Motion cannot be under Rule 12(c); the pleadings have not "closed" because CMGRP has not filed an answer. *See* Fed. R. Civ. P. 12(c). And the Motion cannot be construed as a motion for summary judgment because it presents only allegations, not facts, and does not otherwise conform to the Local Rules that govern such motions. *See* LR 56.1, NDGa.

Plaintiffs do not even state with certainty the contractual provisions on which they seek judgment. Their Amended Complaint asserts that "[t]he Covenants at §§ 7.02 and 7.05 of [Maggie Gallant's Employment] Agreement and *as claimed to be in the IPG Code of Conduct* . . . are overbroad and therefore void and unenforceable as a contract in restraint of trade." (Pls.' Am. Compl. at 2, ECF No. 13-2 (emphasis added)). In their Brief in support, they argue that

[2] In an attempt to move this matter forward to a point where the merits can be addressed, CMGRP served document requests upon the defendants (including APA and Gallant) in the New York Action on March 14, 2016. Yet the defendants removed the case to the Southern District of New York three days before their deadline to respond, thereby absolving themselves of their discovery obligations and further delaying progress in the case.

nondisclosure restrictions like those "*claimed by CMGRP to appear*" in the Code of Conduct are void under Georgia law. (Pls.' Br. at 9-10 (emphasis added)). Plaintiffs cannot ask for a declaration of their rights under an agreement without identifying precisely the provisions on which they are seeking a ruling

In light of these fundamental defects, Plaintiffs' Motion should be denied to the extent that it seeks judgment on Plaintiffs' Declaratory Judgment Act claim.

Respectfully submitted,

CMGRP, INC.

By: */s/ Daniel P. Hart*

Daniel P. Hart
Georgia Bar No. 141679
dhart@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant*

Date: April 14, 2016

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

I certify that this Response has been prepared in Times New Roman font at 14 point size, in compliance with Local Rule 5.1C.

*/s/ Daniel P. Hart*
Counsel for Defendant
Georgia Bar No. 141679

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on April 14, 2016, I served the foregoing **DEFENDANT CMGRP'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND AND FOR ENTRY OF DECLARATORY JUDGMENT** on the following counsel of record via CM/ECF filing:

Harry J. Winograd
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, Georgia 30305

By: */s/ Daniel P. Hart*
Daniel P. Hart
Georgia Bar No. 141679