**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF OBJECTION TO PLAINTIFFS' CONSOLIDATED REPLY**

CMGRP respectfully requests that the Court disregard Section II of Plaintiffs' Consolidated Reply [ECF No. 22], which is an impermissible surreply to CMGRP's Motion to Dismiss [ECF No. 4] and raises new arguments in support of their Motion to Remand.

Section II of Plaintiffs' Consolidated Reply consists entirely of a discussion of abstention issues and responds to arguments presented by CMGRP in its Reply in support of its Motion to Dismiss. (*See* Pls.' Reply at 13-19, ECF No. 22 (citing CMGRP's Reply eleven times)). Although not styled as such, and included in a consolidated brief addressing two other motions, Section II of the Reply is an impermissible surreply concerning CMGRP's Motion to Dismiss. "Neither the Federal Rules nor the Court's Local Rules allow sur-reply briefs as a matter of

right, and the Court normally does not permit sur-replies." *United States v. Dennis*, 2014 WL 1908734, at *3 n.3 (Batten, J.) (citation omitted). When a litigant does not seek leave to file a surreply, the Court "will not consider the surreply in ruling on the pending motions." *Id.*

Plaintiffs may respond that Section II is appropriate because it addresses abstention questions purportedly related to their Motion to Remand. If that is Plaintiffs' argument, it is without merit because Plaintiffs' Motion to Remand attacks only the amount-in-controversy requirement. (*See generally* Pls.' Motion to Remand, ECF No. 7). No variant of "abstention" appears anywhere in that Motion. Since "[i]t is common practice for the Court not to hear arguments raised for the first time in a reply brief," *Kelley v. Wash. Mut. Fin. Inc.*, 2013 WL 5530351, at *4 (N.D. Ga. Oct. 4, 2013); *see also Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012) ("The district court had no obligation to consider an argument raised for the first time in the reply brief."), this Court should not permit such arguments to be raised now.

Therefore, CMGRP respectfully requests that the Court disregard Section II in Plaintiffs' Consolidated Reply [ECF No. 22].

Respectfully submitted,

CMGRP, INC.

By: */s/ Daniel P. Hart*

Daniel P. Hart
Georgia Bar No. 141679
dhart@seyfarth.com
Alex Meier
Georgia Bar No. 282350
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant*

Date: April 22, 2016

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

I certify that this Notice has been prepared in Times New Roman font at 14 point size, in compliance with Local Rule 5.1C.

*/s/ Daniel P. Hart*
Counsel for Defendant
Georgia Bar No. 141679

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC., | ) | CIVIL ACTION NO. 1:16-cv-00689-TCB |
| Plaintiffs, | ) | |
| v. | ) | |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2016, I served the foregoing **DEFENDANT'S NOTICE OF OBJECTION TO PLAINTIFFS' CONSOLIDATED REPLY** on the following counsel of record via CM/ECF filing:

Harry J. Winograd
Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C.
One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, Georgia 30305

By: */s/ Daniel P. Hart*
Daniel P. Hart
Georgia Bar No. 141679