UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC. | ) | |
| Petitioners, | ) | |
| v. | ) | CIVIL ACTION NUMBER: 1:16-cv-00689-TCB |
| CMGRP, INC. d/b/a ROGERS & COWAN, | ) | |
| Respondent. | ) | |

**PETITIONERS' RESPONSE TO NOTICE**
**OF ORDER IN RELATED CASE**

Respondent CMGRP, Inc., ("CMGRP") recently filed Notice (Docket Nos. 24, 25) of the remand of its later-filed action in New York from the Southern District of New York to a New York state court. CMGRP claims that this development makes its Motion in this Court (Docket No. 4, opposed by Petitioners at Docket No. 12) "ripe for decision." *See* Docket No. 24 at 2. This development has no effect or impact on the three motions pending in this Court.[1]

[1] The matters pending in this Court are (1) Petitioners Maggie Gallant and Agency for the Performing Arts, Inc. ("APA")'s Emergency Motion to Remand (Docket No. 7, opposed at Docket No. 20) this action to the Superior Court for Fulton County, Georgia for lack of subject matter jurisdiction; (2) Petitioners' Motion to Amend and Enter Declaratory Judgment (Docket No. 13, opposed at (cont'd)

**Petitioners' Response**

This Court lacks subject matter jurisdiction because CMGRP has not demonstrated that Petitioners' declaratory judgment action, considered from the Petitioners' perspective at the time of removal, presents the jurisdictional $75,000 amount in controversy. This conclusion requires remand of this action to Fulton Superior Court. See *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994), *Cohen v. Office Depot*, 204 F.3d 1069, 1076-77 (11th Cir. 2001), *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); Docket No. 7-1 at 2, n.1 & 6; Docket No. 22 at 4-11. The New York court's remand order has no bearing on the amount in controversy in this action, and Petitioner's Emergency Motion to Remand (Docket No. 7) should be granted.

The remand of the New York action does not affect the impact of the first-filed rule on CMGRP's Motion (Docket No. 4). If this Court finds it has subject matter jurisdiction, CMGRP's Motion (Docket No. 4) should be denied as it relies on *dicta* in *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 (11th Cir. 2005) in an effort to avoid that dispositive precedent. *Manuel* noted that, at its disposition in the district court, *Manuel* involved "two competing federal actions." CMGRP

---

Docket No. 21), if this Court has subject matter jurisdiction; and Respondent CMGRP, Inc. ("CMGRP")'s Motion to Dismiss or Stay (Docket No. 4, opposed by Petitioners at Docket No. 12).

asserts these *dicta* to argue that *Manuel*'s "first filed" rule is not dispositive. *See* Docket No. 4 at 16.

The "first filed" rule is a long-established element of Federal common law, and applies regardless of whether the second-filed suit, as is now the case here, is pending in a state's courts. "When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it to the exclusion of the other, until its duty is fully performed and jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases." *In re Georgia Power Co.*, 89 F.2d 218, 221 (5th Cir. 1937),[2] quoting *Harkrader v. Wadley*, 172 U.S. 148, 163 (1898). "It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); *see also Rickey Land & Cattle Co. v. Wood*, 218 U.S. 258, 262 (1910)("We are of the opinion . . . the court first seised should proceed to termination without interference, on the

[2] This Fifth Circuit precedent, arising in Georgia, is binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

principles now well settled as between the courts of the United States and of the states").[3]

The principle was well established when Congress first codified the Federal declaratory judgment procedures which govern Petitioners' declaratory judgment action on removal. "The [1934] Declaratory Judgment Act was not devised to deprive courts of their equity powers or their freedom to withhold relief upon established equity principles. It only provided a new form of procedure for the adjudication of rights in conformity with these principles." *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299-300 (1943). It was those equity powers, which "the Judiciary Acts had already conferred," *Id.* at 299, that Justice Holmes explained in applying the "first filed" principle in *Rickey* (the genesis of the Eleventh Circuit's "first filed" rule) to recognize the precedence of a Nevada federal equitable action over a later-filed, competing California state court action before the original version of the Federal Declaratory Judgment Act was codified.

Under the federal common law "first filed" rule, that *Manuel*, once employee/plaintiff Manuel removed Convergys' later-filed Ohio action to Federal

---

[3] *Manuel*, District Court Order at Doc. No. 12-1 at 5, and 430 F.3d at 1136, relies on *Haydu*, 675 F.2d at 1174, which in turn relied on *Mann Manuf., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 n. 2 (5th Cir. 1971), which cited *Rickey* for the "first filed" proposition.

court, ultimately dealt with "two concurrent federal actions," *Manuel*, 430 F.3d at 1135, is irrelevant. *See Haydu*, 675 F.2d at 1174. Absent proof of "compelling circumstances," the court where action was first filed (here, Petitioners' Georgia action, removed by CMGRP to this Court) decides the case. *Id.*

Our facts are on all fours with *Manuel,* where Judge Shoob applied the "first filed" rule as a predicate to deciding that Georgia law, rather than a foreign state's law, governed employment in Georgia and warranted declaratory relief, decisions affirmed on appeal. *See* Docket No. 12-1, *Manuel* District Court Order at 5-10; *aff'd*, 430 F.3d at 1136. *See* Docket No. 12 at 4-16.

Our facts give rise to "the strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *see also Southern Mills, Inc. v. Nunes*, 2013 WL 1340385 (N.D. Ga. 2013), *aff'd*, 586 Fed. Appx. 702 (11th Cir. 2014). As was the case in *Manuel*, CMGRP's submissions do not establish "compelling circumstances" avoiding the first-filed rule, and its Motion (Docket No. 4) should be denied.

## Conclusion

That CMGRP's later-filed New York action has been remanded changes nothing. If this Court does not grant Petitioners' Emergency Motion to Remand (Docket No. 7) and return this case to Fulton Superior Court, it should deny Respondent CMGRP's Motion to Dismiss or Stay (Docket No. 4) and instead grant Petitioner's Motion to Amend and Grant Petitioners' requested declaratory judgment (Docket No. 13).

Respectfully submitted this 20th day of July 2016.

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.

By: /s/ Robert E. Rigrish
Robert E. Rigrish
Georgia Bar No. 605573
Harry J. Winograd
Georgia Bar No. 770926
One Securities Centre
3490 Piedmont Road
Suite 1400
Atlanta, Georgia 30305
404-351-1615 [telephone]
404-352-1285 [fax]
rrigrish@brawwlaw.com [e-mail]
hwinograd@brawwlaw.com [e-mail]

Attorneys for Petitioners

**Certificate of Service**

I hereby certify that I have this 20th day of July 2016 electronically filed the foregoing Consolidated Reply Brief and its supporting declaration with the Clerk of Court using the CM/ECF system, which will send notification to the following CM/ECF participants, counsel for Respondents:

John W. Egan
Robert S. Whitman
SEYFARTH SAHW, LLP
620 Eight Avenue
P.O. Box 10018
New York, NY 10018-1405

Alexander C. Meier
Daniel P. Hart
SEYFARTH SAHW, LLP
Suite 2500
1075 Peachtree Street, NE
Atlanta, GA 30309

By: /s/ Robert E. Rigrish