IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAGGIE GALLANT and AGENCY FOR THE PERFORMING ARTS, INC.,

Plaintiffs,

v.

CMGRP, INC., d/b/a ROGERS & COWAN,

Defendant.

CIVIL ACTION FILE

NUMBER 1:16-cv-689-TCB

**O R D E R**

This case comes before the Court on Plaintiffs' motion to remand [7].

## I. Background

Plaintiffs Maggie Gallant and Agency for the Performing Arts, Inc. ("APA") filed this lawsuit in the Superior Court of Fulton County against Defendant CMGRP, Inc. seeking declaratory relief with respect to certain restrictive covenants entered into between Gallant and CMGRP. CMGRP removed the case to this Court based on diversity jurisdiction, and Plaintiffs now move to remand the action to superior

court [7]. There is no dispute that diversity of citizenship exists among the three parties, but Plaintiffs contend that the amount in controversy does not exceed the $75,000 jurisdictional threshold.

## II. Analysis

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (party invoking federal jurisdiction has burden of proving that it exists). "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*,

204 F.3d 1069, 1077 (11th Cir. 2000). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.*; *accord D & R Party, LLC v. Party Land, Inc.*, 406 F. Supp. 2d 1382, 1384 (N.D. Ga. 2005).

Although CMGRP's notice of removal acknowledges that it is the value to Plaintiffs of the injunction that controls, the factual assertions relied upon by CMGRP in support of establishing the amount in pertain exclusively to CMGRP's value of the case, not Plaintiffs'. *See* [1] at ¶¶ 10–14 (discussing, among other things, the value to CMGRP of lost business relationships, the cost to CMGRP to replace employees solicited away by Plaintiffs, the losses to CMGRP as the result of Plaintiffs' alleged misappropriation of confidential and proprietary information, and the attorneys' fees CMGRP anticipates incurring in connection with this litigation).

CMGRP contends in response to the motion to remand that any measure of its loss necessarily correlates to an appropriate measure of Plaintiffs' gain. The Court is unpersuaded by this argument, which has

been rejected by other courts, including those within this district. *See*, *e.g.*, *D & R Party*, 406 F. Supp. 2d at 1385 (holding that an affidavit "describ[ing] the damages the defendant would suffer if the noncompetition clauses were held invalid" did not simultaneously "describe the benefit to the plaintiff if the non-competition clauses [were] declared invalid"); *Personnel Options, Inc. v. The Reserves Network, Inc.*, No. 3:10-cv-71-WSD, 2010 WL 2662733, at *2 (N.D. Ga. June 30, 2010) ("The financial loss the defendant may suffer if the noncompetition clauses in the Agreement are declared invalid and the plaintiff is permitted to compete against the defendant is irrelevant" to the calculation of the amount in controversy.).

The affidavit evidence relied upon by CMGRP in a belated attempt to establish that the value of the case to Plaintiffs' exceeds $75,000 is, as Plaintiffs contend, speculative and therefore does not assist CMGRP in carrying its burden. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000); *D & R Party*, 406 F. Supp. 2d at 1384. The Court cannot assume that Plaintiffs' benefit from allegedly soliciting two clients away from CMGRP can be measured solely by

reference to CMGRP's 2015 revenues from those clients. *Cibula v. PSS World Med., Inc.*, No. 1:13-cv-1122-WSD, 2013 WL 5555445, at *3 (N.D. Ga. Oct. 8, 2013) (rejecting as "rank conjecture" the argument that "the volume of sales generated by the Four Customers, during the one-year effective period of the Restrictive Covenants, will be the same as the sales generated by these customers in 2012 for Defendants").

Neither do the parties' settlement discussions prove that Plaintiffs value the requested declaratory relief at more than $75,000. Initially, it is unclear that CMGRP's evidence is admissible, both because much of it is hearsay and because Federal Rule of Evidence 408(a)(2) generally prohibits relying on compromise negotiations "to prove or disprove . . . amount of a disputed claim." However, assuming that such evidence is properly before the Court, it is nevertheless unpersuasive.

Where courts have relied on settlement demands at all when determining the amount in controversy, it has generally been only where the demand provided specific, detailed information about the plaintiff's valuation of his or her claims. *See, e.g.*, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)

("[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.") (internal punctuation omitted); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322–24 (N.D. Okla. 2003) (relying on plaintiff's pre-suit demand of $1.3 million to establish amount in controversy where demand was presented in written letter to defendant's insurer, broke down the requested amount by category, and provided a detailed explanation of the factual basis for the demand). Here, by comparison, the parties agree only as to the amount of Plaintiffs' initial demand—an amount well below the jurisdictional threshold—while the significance of that demand and the reasons for it remain far from clear.

"[F]ederal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The "liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison*, 228 F.3d at 1268. The pleadings and evidence before the Court compel the conclusion that

Defendants have not carried their burden of showing that the amount in controversy—measured as the value to Plaintiffs of the declaratory relief sought in this case—exceeds $75,000. Thus, the motion to remand will be granted. However, the Court will deny Plaintiffs' request for costs associated in obtaining remand, as the parties' briefing on the motion presented a justiciable issue regarding whether the amount in controversy was satisfied.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand [7] is granted, and the pending motions to dismiss [4] and for leave to amend [13] are denied as moot. The Clerk is directed to remand this case to the Superior Court of Fulton County and close this case.

IT IS SO ORDERED this 12th day of October, 2016.

Timothy C. Batten, Sr.
United States District Judge